UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DULCE MARIA RAMIREZ and LUIS ANGUIZACA,    Index No.:

                Plaintiffs,    **VERIFIED COMPLAINT**

   -against-

UNITED STATES OF AMERICA,

                Defendants.
------------------------------------------------------------------X

    The Plaintiffs, by their attorneys, KRENTSEL & GUZMAN LLP, complains of the defendants and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

    FIRST: Jurisdiction is conferred on this Honorable Court by the Federal Tort Claims Act, 28 U.SC. 1346(b) and U.S.C. 2671, et seq. and 28 U.S.C. §2401(b) by service of all injuries and acts forming the basis of the claim.

    SECOND: Venue is based on plaintiff's residence.

    THIRD: That the plaintiff, on or about, October 21, 2013 timely served and filed a Standard Notice of Claim (Claim for Damage, Injury or Death), which set out the particulars of the claim against the Defendant's agency, UNITED STATES OF AMERICA, pursuant to 28 U.S.C. §2401(b). Defendant's had until April 21, 2014 to resolve, settle or dismiss this claim; however, they have not yet done so.

    FOURTH: At all times herein mentioned the Plaintiffs, DULCE MARIA RAMIREZ and LUIS ANGUIZACA, are residents of the County of Kings, State of New York.

    FIFTH: All events hereinafter mentioned, occurred at the time and place as follows: from on or about February 24, 2012 continuing through and including September 7, 2012 and all

other dates/times when treatment was rendered to the plaintiff at the Lutheran Family Health Center and Lutheran Medical Center.

SIXTH: At all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was and is the owner of Lutheran Family Health Center and Lutheran Medical Center.

SEVENTH: Defendant, UNITED STATES OF AMERICA, had in its employ, and/or under its control doctors, nurses emergency room physicians, lab technicians, radiation technicians, x-ray technicians, surgeons and other staff necessary to provide patients with medical care and attention.

EIGHTH: Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees held itself out as qualified and competent to render requisite medical surgical care and treatment to the public at large and, more particularly to the plaintiffs named herein.

NINTH: Defendant, UNITED STATES OF AMERICA, undertook and agreed to render medical and surgical care and treatment to the plaintiffs named herein.

TENTH: The treatment rendered by Defendant, UNITED STATES OF AMERICA, their agents, servants and/or employees was not in accord with good and acceptable standards of medical, surgical care and/or emergency room and/or preventative medicine.

ELEVENTH: As a result of the negligence, recklessness and carelessness of defendant, UNITED STATES OF AMERICA, their agents, servants and/or employees, and without any want of care on the part of the plaintiffs, the plaintiffs were rendered sick, sore, lame and disabled; sustained severe and serious personal injuries; was compelled to seek further medical surgical care and treatment; incurred expenses and were seriously injured, disfigured, and disabled.

TWELFTH:   The negligent acts or omissions occurred at the Lutheran Family Health Center and Lutheran Medical Center, in its emergency Department, clinics, radiology facilities, laboratories, and/or each and every other location that the Plaintiffs were treated in.

THIRTEENTH: Upon information and belief, medical care and treatment was rendered to plaintiffs by doctors, nurses and technicians acting within the scope of their employment at the Lutheran Family Health Center and Lutheran Medical Center during the relevant time frame.

FOURTEENTH:  The Lutheran Family Health Center and Lutheran Medical Center, held itself out to be facilities duly Qualified, licensed by the State of New York, and competent to render requisite medical surgical care and treatment and/or obstetrical/gynecological care to the public at large and, more particularly, to the Plaintiff named herein.

FIFTEENTH:  The Lutheran Family Health Center and Lutheran Medical Center undertook and agreed to render medical, surgical care and treatment and/or care to the Plaintiffs.

SIXTEENTH:  The  Lutheran Family Health Center and Lutheran Medical Center negligently, recklessly and carelessly rendered medical care and treatment to the Plaintffs.

SEVENTEETH: More specifically, UNITED STATES OF AMERICA, through Lutheran Family Health Center and Lutheran Medical Center, committed to the following acts, omissions & commissions constituting negligence and malpractice & the negligent medical care & treatment rendered to the plaintiffs:  Despite patient, DULCE MARIA RAMIREZ's request to give birth via C-Section, as recommended by her own physician due to the size of her baby, her request was denied by doctors at Lutheran Medical Center on September 7th, 2012.  DULCE MARIA RAMIREZ was induced into labor and doctors attempted to give natural birth.  The baby's head was not coming out fully causing the doctors to twist and pull.  An incision was made in DULCE MARIA RAMIREZ's vagina to create more room, but the baby was also cut

during the incision. When DULCE MARIA RAMIREZ finally was able to give birth, her baby was declared dead at birth.

EIGHTEENTH: The Plaintiff was a patient under the professional care and treatment of Lutheran Family Health Center and Lutheran Medical Center.

NINETEENTH: As a result of the negligent, recklessness and carelessness of defendant, UNITED STATES OF AMERICA, and the Lutheran Family Health Center and Lutheran Medical Center, and without any want of care on the part of the Plaintiffs herein named, the platiniffs suffered grave bodily injury, complications related thereto, mental anguish, and death.

TWENTIETH: That this action falls within one or more of the exemptions set forth in CPLR section 1602.

TWENTY-FIRST: As a result of the aforesaid, plaintiffs DULCE MARIA RAMIREZ and LUIS ANGUIZACA, were damaged in body and mind to the extent of EIGHT MILLION ($8,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

TWENTY-SECOND: Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST CAUSE OF ACTION, with the same force and effect as though more fully set forth at length.

TWENTY-THIRD: Defendant, UNITED STATES OF AMERICA, prior to the granting and renewing of employment and association privileges of physicians, residents, nurses and others involved in the Plaintiffs' case, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said staff including but not limited to, obtaining the following information; patient grievances, negative health care outcomes, incidents injurious to

patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of investigations commenced against said persons, including the outcomes thereof, any history of associations, privileges and/or practice at other institutions, any discontinuation of said associations, employment, privileges and/or practice at other institutions, and any pending professional misconduct proceedings in the State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and, UNITED STATES OF AMERICA, failed to make sufficient inquiry of Defendants, and other institutions which would and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

TWENTY-FOURTH: Had defendant, UNITED STATES OF AMERICA, made the above stated inquiry or, in the alternative, had defendant, UNITED STATES OF AMERICA, reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

TWENTY-FIFTH: By reason of defendant's, UNITED STATES OF AMERICA, failure to meet the aforementioned obligation, plaintiffs were treated by doctors, nurses, technicians, and others who were lacking the requisite skills, abilities, competence and capacity, as a result of which the infant plaintiff died.

TWENTY-SIXTH: As a result of the foregoing the plaintiff, DULCE MARIA RAMIREZ, was seriously injured.

TWENTY-SEVENTH: That this action falls within one or more of the exemptions set forth in CPLR section 1602.

## AS AND FOR A THIRD CAUSE OF ACTION

TWENTY-EIGTH:  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST and SECOND CAUSES OF ACTION with the same force and effect as though more fully set forth herein at length.

TWENTY-NINTH:  Defendants failed to properly instruct the Plaintiffs named herein of all risks, benefits and alternatives to the treatment rendered, and administered and failed to obtain an Informed Consent for treatment rendered.

THIRTIETH:  Had Defendants properly instructed the Plaintiffs named herein, the Plaintiff, DULCE MARIA RAMIREZ, and infant, YANUEL ANGUIZACA, would not have undergone the treatment as recommended and provided by the Defendants.

THIRTY-FIRST:  As a result of the negligence, recklessness and carelessness of Defendants, in failing to obtain an informed consent and without any want of care on the part of the Plaintiffs herein named or infant, YANUEL ANGUIZACA, the infant, YANUEL ANGUIZACA, was caused to be born deceased on September 7, 2012.

THIRTY-SECOND:  As a result of the negligence, recklessness and carelessness of Defendants, in failing to obtain an informed consent and without any want of care on the part of the Plaintiffs Plaintiffs herein named or infant, YANUEL ANGUIZACA, the Plaintiffs named herein suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

THIRTY-THIRD:  This action falls within one or more of the exemptions set forth in CPLR § 1602.

THIRTY-FOURTH:  As a result of the foregoing, the Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

THIRTY-FIFTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST, SECOND, and THIRD CAUSES OF ACTION with the same force and effect as though more fully set forth herein at length.

THIRTY-SIXTH: Plaintiffs, DULCE MARIA RAMIREZ and LUIS ANGUIZACA, were respectively the Mother and Father and Natural Guardians of the infant, YANUEL ANGUIZACA.

THIRTY-SEVENTH: As a direct and proximate result of the foregoing, plaintiffs, DULCE MARIA RAMIREZ and LUIS ANGUIZACA, have been deprived of their son's, YANUEL ANGUIZACA's, love, services, affection, society, companionship and economic support and will continue to be deprived of same.

THIRTY-EIGHT: That this action falls within one or more of the exemptions set forth in CPLR section 1602.

THIRTY-NINTH: By reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdiction of all lower Courts.

WHEREFORE, the Plaintiffs demand judgment against the defendants on the FIRST, SECOND, THIRD, and FOURTH CAUSES OF ACTION with interests together with the costs and disbursements of this action.

Dated: New York, New York
       September 19, 2014

Yours, etc.,

_____
Anthony T. Hirschberger, Esq. (ATH0283)
KRENTSEL & GUZMAN, LLP
17 Battery Place, 6th Floor
New York, New York 10004
(212) 227-2900

## CERTIFICATE OF MERIT

Anthony T. Hirschberger, being duly sworn deposes and states the following to be true under the penalties of perjury:

I am an attorney duly admitted to practice law in the State of New York. I am counsel for the Plaintiffs in this matter.

I have reviewed the facts of the case and have consulted with at least on physician who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of this review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       September 19, 2014

Anthony T. Hirschberger, Esq. (ATH0283)
KRENTSEL & GUZMAN, LLP
17 Battery Place, 6th Floor
New York, New York 10004
(212) 227-2900

## ATTORNEY VERIFICATION

ANTHONY T. HIRSCHBERGER, an attorney at law, duly admitted to practice in the Courts of the State of New York and EASTERN DISTRICT of NEW YORK, affirms under penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged herein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) reside(s) in a county other than the one in which the plaintiff=s attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Dated: New York, New York
September 19, 2014

_____
ANTHONY T. HIRSCBERGER, ESQ. (ATH0283)

Index No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

==================================================

DULCE MARIA RAMIREZ and LUIS ANGUIZACA,

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

Defendant(s).

==================================================

**SUMMONS & COMPLAINT**

==================================================

THE YANKOWITZ LAW FIRM, P.C.
KRENTSEL & GUZMAN, LLP
17 Battery Place, Suite 604
New York, New York 10006
(212) 227-2900

==================================================

To
Attorney(s) for

==================================================

Service of a copy of the within

is hereby admitted.

Dated,

Attorney(s) for

==================================================

PLEASE TAKE NOTICE:

G <u>NOTICE OF ENTRY</u>

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on

19

G <u>NOTICE OF SETTLEMENT</u>

that an order                                                          of which the within is a true copy

will be presented for settlement to the HON.                                    one of the judges of the

within named Court, at
on                           19                  at                M.

Dated,

Yours, etc.
**THE YANKOWITZ LAW FIRM, P.C.
KRENTSEL & GUZMAN, LLP**

==================================================